UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
4 WEST ASSOCIATES LLC.,

                Plaintiff,        MEMORANDUM AND ORDER

      -against-                      CV 13-3053 (LDW) (AKT)

EAST HAMPTON TOWN,

                Defendant.
--------------------------------------------------------X
WEXLER, District Judge

      Plaintiff 4 West Associates LLC[1] brings this action against defendant Town of East Hampton (the "Town") under 42 U.S.C. § 1983, claiming that the Town selectively enforced the Town Code against plaintiff in violation of plaintiff's right to equal protection. Presently before the Court is the Town's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff opposes the motion.

## I. BACKGROUND

      For purposes of this decision, the allegations of the complaint can be summarized as follows. Plaintiff owned commercial property at 4 West Lake Drive in Montauk, New York from at least 2002 through May 2010 (the "Property"). A resort, hotel, and

---

[1] Plaintiff originally file this action as "4 West LLC." In its moving papers, the Town indicates that no such corporation is registered in the state of New York. In response, plaintiff claims that the correct plaintiff is "4 West Associates LLC," attributing the misidentification to a "scrivener's error" and requesting permission to correct the complaint. The Town does not oppose that request. Accordingly, the complaint is deemed amended, and 4 West Associates LLC is the named plaintiff.

restaurant existed on the Property, as a preexisting non-conforming use.  Plaintiff claims that the Town selectively enforced the Town Code against plaintiff to "impoverish[]" plaintiff and "obtain the [Property] for town or conservation purposes."  Complaint ¶ 12.  Specifically, plaintiff claims that the Town limited the number of weddings plaintiff was permitted to host each year, while similarly situated businesses, namely, the Montauk Yacht Club and Gurney's Inn, were allowed to host an unlimited number of wedding events at their business premises without Town interference.  Through an alleged pattern and practice of violating clearly established law, the Town restricted plaintiff's ability to erect tents on the Property by refusing to implement the "Uniform Code" passed by the New York State legislature in 2003.  In addition, the Town, *inter alia*, (1) flooded portions of the Property as a result of public work projects and then issued summonses to plaintiff for operating a business on Town wetlands; and (2) permitted adjoining landowners to place shrubs, monuments, and no parking signs on the Town's right of way and on state parklands, resulting in reduced parking spaces for the Property.  Eventually, the Town drove plaintiff out of business, causing plaintiff to sell the Property and business in late May 2010.  According to the deed filed in the Suffolk County Clerk's office, a public record of which the Court may take judicial notice, the sale occurred on May 26, 2010.  Notably, other public records offered by the Town in support of its motion show that the last time plaintiff received a Town Code violation regarding the Property was August 12, 2009.

Plaintiff filed this action on May 24, 2013. Plaintiff claims that the Town's selective enforcement of the Town Code violated plaintiff's right to equal protection. Plaintiff seeks $1.5 million in damages. The Town moves to dismiss, arguing that plaintiff's claim is barred by the statute of limitations and fails to state a claim upon which relief can be granted. In addition, the Town requests an award of attorney's fees and costs under 42 U.S.C. § 1988.

## II. DISCUSSION

### A. Motion to Dismiss Standard

In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court held that to avoid dismissal a plaintiff is required to plead enough facts "to state a claim for relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009). While heightened factual pleading is not required, *Twombly* holds that a "formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. On a motion to dismiss, the court must, as always, assume that all allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Plair v. City of New York*, 789 F. Supp. 2d 459, 463 (S.D.N.Y. 2011). However, the court must ensure that the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 57 (2d Cir. 2010). A pleading that does nothing more than

recite the elements of a claim, supported by mere conclusory statements, is insufficient to "unlock the doors of discovery." *Iqbal,* 556 U.S. at 678. Rather, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

B. <u>Statute of Limitations Defense</u>

The Town argues, *inter alia*, that plaintiff's claim is barred by the statute of limitations. The parties do no dispute that the applicable statute of limitations is three years, *see Owens v. Okure,* 488 U.S. 235, 249-51 (1989); *Pinaud v. Cnty. of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995), and that the claim accrues when a plaintiff "knows or has reason to know of the injury which is the basis of his action," *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980).

As noted, plaintiff sold the Property on May 26, 2010 and filed this action on May 24, 2013. The Town argues that plaintiff's claim is time-barred to the extent that it is based on any alleged acts that occurred more than three years before plaintiff filed the action, meaning plaintiff may only assert a claim under § 1983 based on acts that occurred on or after May 24, 2010. According to the Town, the complaint fails to allege any incidents that occurred on or after May 24, 2010, and the last time plaintiff received a Town Code violation regarding the Property was August 12, 2009. In response, plaintiff does not dispute that all of the alleged Town Code violations occurred more than three years before plaintiff filed this action. Rather, plaintiff argues that the Town engaged in a "continuing violation," presumably continuing on or after May 24, 2010, though

presumably not after plaintiff sold the Property on May 26, 2010. The Town responds that the continuing violations doctrine is not applicable here. In this respect, the Town argues that courts within the Second Circuit view the doctrine with disfavor, *see, e.g.*, *Prince v. Cnty. of Nassau*, 837 F. Supp. 2d. 71, 95 (E.D.N.Y. 2011) (observing that courts within the Second Circuit "consistently have looked unfavorably on continuing violation arguments" and "have applied the theory only under compelling circumstances"), and question its applicability outside the employment discrimination context, *see, e.g.*, *Koehl v. Green*, No. 9:06-CV-0478 (LEK/GHL), 2007 WL 2846905, at *7 (N.D.N.Y. Sept. 26, 2007) (observing that "it is highly questionable whether the 'continuing violation' doctrine . . . may also be applied in Section 1983 civil rights actions that do not involve allegations of discrimination"). The Town further argues, *inter alia*, that for the doctrine to apply, plaintiff "must still show that there is some non-time barred act," *Munsch v. Evans*, No. 11-CV-2271 (JFB) (ETB), 2012 WL 528135, at *14 (E.D.N.Y. Feb. 17, 2002), and plaintiff fails to allege any such act.

Upon consideration, the Court agrees with the Town that this action is barred by the statute of limitations. Even assuming that the continuing violations doctrine may be applied here, it does not save plaintiff's claim from being time-barred. Plaintiff does not allege any act by the Town occurring on or after May 24, 2010. Only plaintiff's sale of the Property is alleged to have occurred in that time frame. As the Town argues, for the doctrine to apply, plaintiff must show a non-time-barred act. *See Harris v. City of New*

*York*, 186 F.3d 243, 248 (2d Cir. 1999) (recognizing that "a continuing discriminatory practice or policy may delay the commencement of the statute of limitations period 'until the last discriminatory act in furtherance of it' " (quoting *Gomes v. Avco Corp.*, 964 F.2d 1330, 1333 (2d Cir. 1992))); *Munsch*, 2012 WL 528135, at *14. Because plaintiff fails to allege any such act, this action is barred by the statute of limitations.[2]

As for the Town requests under § 1988, that provision permits an award of attorney's fees and costs to a prevailing defendant where a plaintiff's claim is "frivolous, unreasonable or groundless." *Hughes v. Rowe*, 449 U.S. 5, 15 (1980). Upon consideration, the request is denied.

### III. CONCLUSION

For the reasons above, the motion to dismiss the complaint is granted and the complaint is dismissed with prejudice. The Clerk of Court is directed to close the file in this action.

SO ORDERED.

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
      June 10, 2014

---

[2] Given the determination that the action is barred by the statute of limitations, the Court need not reach the Town's additional arguments for dismissal.